IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 18 2017

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. 1:17-CR-70 (Judge Marcia Crone) |
| ANTHONY JACKSON, SR. (2) ROOSEVELT APPLETON, SR. (3) a/k/a "Ro" YOPHET JAMAL REVIS (4) a/k/a "Jamal Reeves" ERIC DARNELL MCILWAIN (5) and SCHEMERA DAVIS (6) | § § § § § § § § § | |

SEALED

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
Conspiracy to possess with intent to
distribute a controlled substance (cocaine
HCL)

That from on or about 2014, the exact date being unknown to the Grand Jury, and continuing thereafter until September 6, 2017, in the Eastern District of Texas and elsewhere, **Anthony Jackson, Sr., Roosevelt Appleton, Sr., a/k/a "Ro", Yophet Jamal Revis, a/k/a "Jamal Reeves", Eric Darnell Mcilwain and Schemera Davis,** defendants, did knowingly and intentionally combine, conspire, confederate and agree

Indictment-Page 1

with each other and with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One of this indictment, defendant shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

**MONEY JUDGMENT**

A sum of money equal to two-hundred-seventy-thousand-dollars ($270,000.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, Conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendant(s) any and all interest the defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON


BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____          10/18/17
JOHN A. CRAFT                         Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| v. | § <br> § NO. 1:17-CR-70 <br> § (Judge Marcia Crone) |
| ANTHONY JACKSON, SR. (2) <br> ROOSEVELT APPLETON, SR. (3) <br> a/k/a "Ro" <br> YOPHET JAMAL REVIS (4) <br> a/k/a "Jamal Reeves" <br> ERIC DARNELL MCILWAIN (5) <br> and <br> SCHEMERA DAVIS (6) | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## NOTICE OF PENALTY

### Count One

Violation:  21 U.S.C. § 846

Penalty:  Imprisonment for not less than ten (10) years or more than life; a fine not to exceed $10,000,000.00, or both; a term of supervised release of not less than five (5) years or more than life.

Special Assessment: $100.00.